# Exhibit A

## UNSECURED PROMISSORY NOTE

$41,682.00                                                     Dated as of December 20, 2011

FOR VALUE RECEIVED, the undersigned, Randy Bishop, an individual ("**Borrower**"), promises to pay in lawful money of the United States and in immediately available funds to VERENGO, INC., a Delaware corporation ("**Lender**") or order at such place as may be designated in writing by the holder of this promissory note (this "**Note**"), the principal sum of Forty-One Thousand Six Hundred Eighty-Two Dollars ($41,682) (or so much of such principal sum as has been disbursed and remains outstanding and unpaid from time to time), together with interest on the unpaid balance of this Note at the rate provided in Section 1 and in accordance with the other terms of this Note and the mandatory payment schedule set forth in Section 2, unless sooner paid, whether by acceleration or prepayment.

1.  **INTEREST.** The unpaid principal indebtedness under this Note shall accrue and be payable from the date hereof at a rate 1.19% per annum ("**Interest Rate**"), all of which shall be due and payable on the date for payment of principal provided in Section 2.1. Interest shall not compound.

2.  **TERMS AND CONDITIONS OF PAYMENT.**

    2.1   Mandatory Payment Schedule. The principal balance outstanding under this Note, together with all accrued but unpaid interest, shall be due and payable in full on the earlier of (i) the eighth anniversary of this Note, and (ii) the date that Borrower sells more than fifty percent (50%) of the shares of Lender's common stock that Borrower is purchasing from Lender with the funds advanced to Borrower pursuant to this Note.

    2.2   Application of Payments. Each payment shall be applied in the following order: (i) first, to any late payment fees incurred under this Note; (ii) second, to the payment of accrued and unpaid interest on the principal outstanding balance; and (iii) third, to the reduction of the outstanding principal balance of this Note. Any payment of principal or interest not made when due shall thereafter bear interest from the due date for such payment at the interest rate specified in Section 1.2, payable upon demand.

    2.3   Prepayment. Borrower may prepay this Note at any time, in whole or in part, without premium or penalty.

    2.4   Late Payment Fee. If Borrower does not pay to Lender any payment when due under this Note within fifteen (15) days after written notice from Lender, Borrower shall pay to Lender on demand a late payment fee in an amount equal to one percent (1%) of such payment.

    2.5   Usury Savings Clause. Notwithstanding anything to the contrary in this Note or in any other agreement entered into in connection with this Note or securing the indebtedness evidenced by this Note, whether now existing or hereafter arising and whether written or oral, it is the intention of the parties to this Note to comply with all applicable state usury laws and

8329702v1

similar laws of the United States Federal Government. Accordingly, no provision in this Note or any of the documents securing payment of this Note shall require the payment or permit the collection of interest in excess of the maximum nonusurious interest permitted by applicable law ("**Maximum Rate**").

3. **EVENTS OF DEFAULT.** Any of the following events shall constitute an Event Of Default ("**Event Of Default**") under this Note:

   3.1   Borrower shall fail to pay any principal or interest when due under this Note and within five (5) business days after written notice of such default;

   3.2   A petition or action for relief shall be filed by or against Borrower under the Bankruptcy Reform Act, Title 11 of the U. S. Code in effect from time to time, or under any other law relating to bankruptcy, insolvency, reorganization, moratorium, creditor composition, arrangement or other relief for debtors; or a receiver, trustee, custodian or liquidator of or for any part of the Property shall be appointed; or Borrower shall make a general assignment for the benefit of creditors.

4. **REMEDIES.** Upon the occurrence of an Event Of Default under this Note, Lender may, without notice to Borrower of any kind, declare the entire unpaid principal and accrued interest evidenced by this Note immediately due and payable. The rights or remedies of Lender as provided in this Note, in law or in equity, shall be cumulative and concurrent, and may be pursued singularly, successively, or together at the sole discretion of Lender, and may be exercised as often as occasion for such rights or remedies shall occur. The failure to exercise any such rights or remedies shall in no event be construed as a waiver or a release of any such rights or remedies.

5. **MISCELLANEOUS PROVISIONS.**

   5.1   Notices. All notices, requests and other communications provided for in this Note shall be in writing, unless otherwise specified in this Note, and shall be delivered personally, by nationally recognized air courier, or by facsimile (with receipt confirmed) to the following addresses:

   If to BORROWER:    At the address and facsimile number set forth on the signature page hereto

   If to LENDER:    Verengo, Inc.
   1211 N. Batavia Street
   Orange, CA 92867
   Attention: President & CFO
   Facsimile: (714) 210-3908

All notices shall be conclusively deemed to have been received by the party to whom addressed on the earlier of: (i) actual receipt by the addressee; (ii) confirmation of receipt by facsimile; or (iii) three (3) business days after deposit with a nationally recognized air courier.

2

8329702v1

5.2     Waiver.  Borrower and all sureties, endorsers and guarantors, and all persons liable or to become liable on this Note: (i) waive diligence, presentment, protest and demand, notice of protest, notice of intent to accelerate, notice of acceleration, and demand and dishonor and non-payment of this Note and any and all other notices; and (ii) consent to any and all renewals and extensions of the time of payment of this Note or after maturity.  Borrower agrees that any failure by Lender to exercise any power, right or privilege granted in this Note before or after any Event Of Default or to insist upon prompt compliance with the terms of this Note shall not constitute a waiver of the right of Lender to exercise such right in the event of any subsequent or other default.  Upon the occurrence of an Event Of Default, Borrower expressly agrees that: (A) Lender may offset against the obligation of Borrower under this Note any sums or property owed to Borrower by Lender at any time; and (B) the acceptance by Lender of any performance which does not strictly comply with the terms of this Note shall not be deemed to be a waiver of any rights of Lender.

5.3     Time of the Essence.  Borrower and Lender agree that all times and dates in this Note and each and every provision of this Note in which time is an element are of the essence; provided, however, that if the time period for exercising any right, option or election provided in this Note or the time period for the performance of any act required under this Note falls on a Saturday, Sunday or legal or bank holiday, then such time period shall be automatically extended through the close of business on the next regularly scheduled business day.

5.4     Cumulative Rights and Remedies.  The remedies of Lender as provided in this Note, or in law or in equity, shall be cumulative and concurrent, and may be pursued singularly, successively, or together at the sole discretion of the holder of this Note, and may be exercised as often as occasion for such exercise shall occur.  The failure to exercise any such right or remedy shall in no event be construed as a waiver or a release of this Note.

5.5     Attorneys' Fees, Costs.  If this Note is placed in the hands of any attorney for collection or if collected through a court or by any other legal or judicial proceedings, Borrower agrees to pay and shall be obligated to pay, in addition to the sums referred to in this Note, all costs of suit and of collection, including any and all attorneys' fees and costs actually incurred by Lender.

5.6     Binding Effect and Assignment.  The terms, covenants and conditions of this Note shall be binding upon and shall inure solely to the benefit of the respective heirs, successors-in-interest and permitted assigns of Borrower and shall inure to the benefit of the successors-in-interest and assigns of Lender.  Borrower acknowledges that Lender shall have the unfettered right to assign, transfer, pledge or grant participation interests in all or any part of the rights and interest of Lender under this Note.

8329702v1

5.7    Governing Law.  The laws of the State of California, without reference to its conflicts of laws principles, govern and construe the interpretation of this Note.

IN WITNESS WHEREOF, Borrower has executed this Note as of the date first set forth above.

_____
(Signature)

Randy Bishop
(Print Name)

Address:
4670 White Oak Ave
Encino, CA 91316

Facsimile: (___) _____

4

8329702v1