# Exhibit C

## NON-RECOURSE SECURED PROMISSORY NOTE

$500,000                                                                                                September 12, 2014

    FOR VALUE RECEIVED, the undersigned, Randy Bishop ("Borrower") promises to pay to Verengo, Inc., a Delaware corporation (the "Company"), at 20285 S. Western Avenue, Suite 200, Torrance, California 90067 or at such other place as Company may from time to time designate, the principal sum of Five Hundred Thousand Dollars ($500,000), plus interest from the date hereof as computed below.

    1. **Interest and Principal Payments; Term**.  Interest on the principal balance outstanding on this Note shall be computed from the date hereof at the per annum rate of 1.86% compounded annually and shall continue to accrue until paid.  Interest shall be computed on the basis of a year of 365 days for the actual number of days elapsed.  The entire amount of accrued but unpaid interest and all outstanding principal shall be due and payable upon the earlier to occur of (i) the close of business on September 12, 2019, (ii) the date upon which Borrower's employment with the Company terminates (regardless of the reason for termination), or (iii) a Liquidation Event (as that term is defined in the Company's Sixth Amended and Restated Certificate of Incorporation filed on September 12, 2014).  Notwithstanding the foregoing, Borrower and the Company agree that, for so long as any amounts shall remain outstanding pursuant to this Note, Borrower shall, immediately upon Borrower's receipt of any cash proceeds from the sale or transfer of any of Borrower's shares of the Company's Common Stock, utilize and apply such proceeds to pay or prepay (in full, if sufficient proceeds shall be available) any amounts then outstanding pursuant to this Note.  In addition, pursuant to that certain Employment Agreement between Borrower and the Company dated as of January 1, 2013, as amended September 12, 2014 (the "Employment Agreement"), Borrower and the Company have agreed that the amount of any Gross Separation Payments (as defined in the Employment Agreement) otherwise payable by Company to Borrower under the Employment Agreement shall be reduced, on a dollar for dollar basis, by the aggregate amount of Borrower's indebtedness then outstanding (if any) under any loan or other extension of credit made at any time by Company to Borrower.  Accordingly, in the event of any such reduction in the amount of Gross Separation Payments occurring on account of outstanding indebtedness under this Note, then the aggregate amount outstanding pursuant to this Note shall be decreased, on a dollar for dollar basis, by the amount of any such reduction in Gross Separation Payments.

    2. **Method and Application of Payment**.  All amounts payable under this Note are payable in lawful money of the United States, without notice, demand, offset or deduction.  Checks will constitute payment only when collected.  Any amount paid on this Note shall be applied first, to payment of accrued but unpaid interest on this Note, then toward the outstanding principal balance of this Note.  Notwithstanding the foregoing, at the option of Borrower, amounts payable under this Note may be made in shares of the Company's Common Stock valued at the greater of (i) the then fair market value of a share of the Company's Common Stock or (ii) the fair market value of a share of the Company's Common Stock at the time it was issued (as determined by the Company's 409A valuation of its Common Stock in effect at the time of

1

issuance). The foreground payment shall be made through the release of Pledged Shares (as defined below) to the Company from the Stock Pledge Agreement.

3. **Prepayment Permitted**. Principal and interest may be prepaid in whole or in part by Borrower without penalty or premium at any time.

4. **Security**. Payment of this Note shall be secured by a Stock Pledge Agreement to be executed and delivered by the Borrower and covering all of Borrower's shares of the Company's Common Stock (the "Pledged Shares").

5. **Nonrecourse**. Notwithstanding anything to the contrary contained in this Note or the Stock Pledge Agreement, but without in any manner affecting the validity of this Note or the lien of the Stock Pledge Agreement, this note is a nonrecourse obligation of Borrower and upon the occurrence of an Event of Default under this Note or the Stock Pledge Agreement, the sole recourse of the Company shall be to the security for the loan evidenced by this Note and the Company shall neither seek nor take any deficiency or monetary judgment against Borrower, other than against the collateral covered by the Stock Pledge Agreement or otherwise securing payment and performance under the Note and Stock Pledge Agreement.

6. **Event of Default and Remedies**. Any one of the following occurrences shall constitute an "Event of Default" under this Note:

(a) Borrower shall fail to pay any payment of principal when due in accordance with the terms hereof, or interest within five (5) business days of the date when due in accordance with the terms hereof;

(b) Borrower becomes insolvent or bankrupt, commits any act of bankruptcy, generally fails to pay his debts as they become due, becomes the subject of any proceedings or action of any regulatory agency or any court relating to bankruptcy or insolvency, or makes an assignment for the benefit of his creditors, or enters into any agreement for the composition, extension, or readjustment of all or substantially all of his obligations; or

(c) An event of default occurs under the Stock Pledge Agreement.

Upon the occurrence of any Event of Default hereunder, the entire unpaid principal balance of this Note (including accrued interest) shall, at the option of the Company and without notice or demand of any kind to Borrower or any other person, immediately become due and payable.

7. **Waivers**. Borrower hereby waives presentment, demand, protest, notice of dishonor, notice of acceleration and notice of intention to accelerate.

8. **Attorneys Fees**. Borrower promises to pay on demand all reasonable out-of-pocket costs of and expenses of Company in connection with the collection of amounts due hereunder which are not paid when due, including, without limitation, attorneys' fees and all related costs incurred in connection therewith, whether or not any lawsuit is ever filed with respect thereto. If any suit or action is instituted to enforce this Note and the Company is the prevailing party, Borrower promises to pay, in addition to the costs and disbursements otherwise allowed by law,

2

such sum as the court may adjudge reasonable attorneys' fees and costs in such suit or action to the Company as the prevailing party.

      9. **Successors**.  This Note shall inure to the benefit of the Company and its successors and assigns.  The obligations of Borrower hereunder or under the Stock Pledge Agreement shall not be assignable.

      10. **Governing Law**.  This Note shall be governed by and construed in accordance with the laws of the State of California.  This Note has been delivered to the Company and accepted by the Company in the State of California.

      IN WITNESS WHEREOF, the undersigned has executed and delivered this Note as of the date first written above.

BORROWER:

_____
RANDY BISHOP

[Signature Page to Promissory Note]