### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| VERENGO, INC.,[1] | Case No. 16-12098 (BLS) |
| Reorganized Debtor. | |

| | |
|---|---|
| WILLIAM PEDERSON,[2] as Distribution Trustee of the Verengo Distribution Trust, | |
| Plaintiff, | |
| v. | Adv. Proc. No. 17-50970 (BLS) |
| KEN BUTTON, | **Hearing Date**: 4/24/2019 @ 9:15 a.m. (ET) **Obj. Deadline**: 4/11/2019 @ 4:00 p.m. (ET) |
| Defendant. | |

| | |
|---|---|
| WILLIAM PEDERSON, as Distribution Trustee of the Verengo Distribution Trust, | |
| Plaintiff, | |
| v. | Adv. Proc. No. 17-50971 (BLS) |
| RANDY BISHOP, | **Hearing Date**: 4/24/2019 @ 9:15 a.m. (ET) **Obj. Deadline**: 4/11/2019 @ 4:00 p.m. (ET) |
| Defendant. | |

### DISTRIBUTION TRUSTEE'S MOTION FOR APPROVAL OF COMPROMISES AND SETTLEMENTS WITH KEN BUTTON AND RANDY BISHOP PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND 11 U.S.C. § 105

William Pederson (the "**Distribution Trustee**" or, alternatively, the "**Plaintiff**"), in his

capacity as the Distribution Trustee of the Verengo Distribution Trust (the "**Distribution**

---

[1] The reorganized debtor and the last four digits of its identification number are as follows: Verengo, Inc. [6114].

[2] William Pederson succeeded Wayne P. Weitz as Distribution Trustee of the Verengo Distribution Trust pursuant to this Court's *Order Approving Appointment of William Pederson as Successor Distribution Trustee of the Verengo, Inc. Distribution Trust*, dated December 13, 2017 [D.I. 355].

**Trust**"), by and through his undersigned counsel, hereby submits this motion (the "**Motion**"), pursuant to section 105(a) of title 11 of the United States Code, §§ 101–1532 (the "**Bankruptcy Code**") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of orders, substantially in the form attached hereto as **Exhibits A** and **B**, approving the Distribution Trustee's proposed compromises and settlements with Ken Button and Randy Bishop (the "**Defendants**" and, together with the Plaintiff, the "**Parties**") on the terms and conditions attached hereto as **Exhibits C** and **D**.  In support of this Motion, the Distribution Trustee respectfully represents as follows:

<u>**JURISDICTION**</u>

1.       The United States Bankruptcy Court for the District of Delaware (this "**Court**") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.       Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.       Pursuant to Rules 7012–1 and 9013-1(f) of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Distribution Trustee consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the Parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.       The statutory bases for the relief requested herein are section 105 of the Bankruptcy Code and Bankruptcy Rule 9019.

## BACKGROUND

5.      On September 23, 2016 (the "**Petition Date**"), Verengo, Inc. (the "**Debtor**") filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code [D.I. 1].

6.      On March 29, 2017, the Debtor filed the *Second Amended Combined Disclosure Statement and Chapter 11 Plan of Reorganization for Verengo, Inc. Proposed by the Debtor and Debtor in Possession* [D.I. 236] (as supplemented, modified, or amended, the "**Plan**").[3]

7.      On April 13, 2017, the Debtor filed the *Notice of Filing of Plan Supplement* (the "**Plan Supplement**") [D.I. 262], identifying the Defendants as "parties against whom the Debtor maintains potential Avoidance Action claims."  Plan Supplement at Exhibit C.  Specifically, the Debtor identified Defendants as parties against whom the Debtor maintained potential fraudulent transfer actions pursuant to 11 U.S.C. §§ 544 or 548.  *Id.*

8.      On April 24, 2017, the Court entered an order confirming the Plan [D.I. 281] (the "**Confirmation Order**").

9.      On May 15, 2017, the Plan became effective [D.I. 304] (the "**Effective Date**"). On the Effective Date, the Distribution Trust was established pursuant to the Confirmation Order and the Plan, and the Debtor and the Distribution Trustee entered into that certain Distribution Trust Agreement.   The Plan also granted the Distribution Trustee, among other things, "the sole and full power, authority, and standing to prosecute, compromise, or otherwise resolve the Distribution Trust Avoidance Actions and any other Claims and Causes of Action comprising the Distribution Trust Assets."  Plan, Art. VIII, § B(4); Confirmation Order, at ¶ 12.

10.     On August 23, 2017, the Distribution Trustee commenced an adversary proceeding (Adv. Proc. No. 17-50970 (BLS)) (the "**Button Adversary Proceeding**") against

---

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

Defendant Ken Button by filing the *Complaint* [Button Adv. D.I. 1] (the "**Button Complaint**") seeking to avoid and recover alleged fraudulent transfers (the "**Button Transfers**") from the Debtor to Button.   On the same day, the Distribution Trustee commenced an adversary proceeding against Defendant Randy Bishop (Adv. Proc. No. 17-50971 (BLS)) (the "**Bishop Adversary Proceeding**" and, together with the Button Adversary Proceeding, the "**Adversary Proceedings**") by filing the *Complaint* [Bishop Adv. D.I. 1] (the "**Bishop Complaint**" and, together with the Button Complaint, the "**Complaints**") seeking to avoid and recover alleged fraudulent transfers (the "**Bishop Transfers**" and, together with the Button Transfers, the "**Transfers**") from the Debtor to Bishop.   Additional details regarding the Transfers are as set forth in the Complaints, which are fully incorporated herein by reference.

11.    The Parties have since resolved to settle the Adversary Proceedings substantially in accordance with the terms outlined in the duly executed *Settlement Agreements* attached hereto as **Exhibit C** and **Exhibit D** (the "**Settlement Agreements**").

## RELIEF REQUESTED

12.    By this Motion, the Distribution Trustee seeks approval of the Settlement Agreements.   The pertinent terms of the proposed Settlement Agreements are: (a) Defendants each agree to pay $185,000 to the Distribution Trustee (the "**Settlement Payments**"), amounting to $370,000 in combined Settlement Payments; (b) the Parties agree to the releases of claims described in the Settlement Agreements (the "**Releases**"); and (c) Defendants agree to waive any claims they may have against the Distribution Trust, including, without limitation, any administrative expense claims under section 503(b) of the Bankruptcy Code or any claims arising pursuant to section 502(h) of the Bankruptcy Code (the "**Claim Waivers**").

**BASIS FOR RELIEF**

13.     Bankruptcy Rule 9019(a) provides: "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement.  Notice shall be given to creditors, the United States trustee, the debtor . . . and to any other entity as the court may direct."  Fed. R. Bankr. P. 9019(a).

14.     Bankruptcy courts have authority to approve compromises and settlements so long as the "debtor, the trustee, all creditors and indenture trustees [receive] at least 21 days' notice by mail of the hearing on approval of . . . a compromise or settlement of a controversy . . . ."  Fed. R. Bankr. P. 2002(a)(3); *see Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996).

15.     Settlements in bankruptcy are favored as a means of minimizing litigation, expediting the administration of the bankruptcy estates, and providing for the efficient resolution of bankruptcy cases.  *See Martin*, 91 F.3d at 393; *Tindall v. Mavrode (In re Mavrode)*, 205 B.R. 716, 719 (Bankr. D.N.J. 1997).

16.     In applying this rule, a court should approve a settlement if it is fair and equitable and is in the best interest of the estate.  *See Official Comm. of Unsecured Creditors v. Cajun Elec. Power Coop., Inc. (In re Cajun Elec. Power Coop., Inc.)*, 119 F.3d 349, 355 (5th Cir. 1997).  To properly make this determination, a court "must assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal."  *Id.* at 356; *see Martin*, 91 F.3d at 393.

17.     The United States Court of Appeals for the Third Circuit has outlined four "criteria" that bankruptcy courts should consider when determining whether to approve a settlement or compromise pursuant to Bankruptcy Rule 9019: "(1) the probability of success in

litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it; and (4) the paramount interest of the creditors." *Martin*, 91 F.3d at 393.

18.     In addition to the criteria outlined in *Martin*, courts may consider additional factors, including: (1) the competency and experience of counsel who support the settlement; (2) the relative benefits to be received by individuals or groups within the class; (3) the nature and breadth of releases to be obtained by the parties to the settlement; and (4) the extent to which the settlement is the product of arm's length bargaining.    *See Fischer v. Pereira* (*In re 47–49 Charles St., Inc.)*, 209 B.R. 618, 620 (S.D.N.Y. 1997); *In re Spielfogel*, 211 B.R. 133, 144 (Bankr. S.D.N.Y. 1997); *In re Dow Corning Corp.*, 198 B.R. 214, 223 (Bankr. E.D. Mich. 1996).

19.     When considering the above criteria in light of the facts of a particular case, the Court need not conduct a "mini-trial" to determine the probable outcome of claims waived in the settlement. *See Cajun Elec.*, 119 F.3d at 356.  Nor does the Court have to conduct an evidentiary hearing as a prerequisite to approving a settlement.  *See Depositer v. Mary M. Holloway Found.*, 36 F.3d 582, 586 (7th Cir. 1994).

20.     The Court must, however, gather all of the relevant facts and law so that it can make an informed, intelligent, and objective decision with respect to approving the settlement. *See Depositer*, 36 F.3d at 586; *see also Cajun Elec.*, 119 F.3d at 356.

21.     Since filing the Complaints, the Parties engaged in negotiations seeking to resolve the legal issues stemming from the Transfers.  Additionally, on January 21, 2019, the Parties engaged in mediation (the "**Mediation**").  As a result of their ongoing dialogue and the Mediation, and considering the risks and costs likely to be associated with the Adversary Proceedings should they be fully litigated on the merits, and after evaluating the strengths and

weaknesses of the Distribution Trust's claims and Defendants' alleged defenses thereto, the Distribution Trustee has determined that the Settlement Payments, the Releases, the Claim Waivers, and all other terms of the Settlement Agreements are reasonable.   In light of the foregoing, the Distribution Trustee has determined that the Settlement Agreements are reasonable and in the best interests of the Distribution Trust.

WHEREFORE, the Distribution Trustee respectfully requests that the Court enter orders, substantially in the form attached hereto as **Exhibits A** and **B**, approving the Settlement Agreements, substantially in the form attached hereto as **Exhibits C** and **D**, and granting such other and further relief as is just and proper.

Dated: March 28, 2019
      Wilmington, Delaware          BAYARD, P.A.

           */s/ Evan T. Miller*
          Scott D.  Cousins (No. 3079)
          Evan T. Miller (No. 5364)
          Sophie E. Macon (No. 6562)
          600 N. King Street, Suite 400
          Wilmington, DE 19801
          Phone: (302) 655-5000
          Email: scousins@bayardlaw.com
                  emiller@bayardlaw.com
                  smacon@bayardlaw.com

          *Counsel for the Verengo Distribution Trust*